**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Carrillo,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sentry Insurance Company,<br><br>　　　　　Defendant. | No. CV-24-00808-PHX-DLR<br><br>**ORDER** |

　　　　Before the Court is Plaintiff's application for leave to proceed in forma pauperis (Doc. 2), which will be granted. 28 U.S.C. § 1915(a). The Court must dismiss a case filed in forma pauperis if at any time the Court finds that the action or appeal is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Having reviewed Plaintiff's complaint, the Court concludes that it is frivolous and does not presently comply with federal pleadings standards. As such, it must be dismissed.

　　　　To state a claim for relief, Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plaint statement of the grounds for the [C]ourt's jurisdiction," "a short and plaint statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." The short and plain statement for relief need not include detailed factual allegations; however, "it must plead enough facts to state

a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A primary function of a complaint is to provide a defendant with notice of the legal claims asserted against it; thus, a complaint written "without simplicity, conciseness[,] and clarity" as to who is being sued for what "fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996). Furthermore, a claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1980). "[A] judge may dismiss . . . claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (internal quotation marks omitted).

Plaintiff's complaint claims that Defendant Sentry Insurance Company violated her First, Eighth, and Fourteenth Amendment rights, but "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978). *See Jones v. Liberty Mutual Ins.*, No. 2:19-cv-01814-AC 2019 WL 5260448, at *3 (E.D. Cal. Oct. 17, 2019) (holding that plaintiff failed to state first amendment claim because "private insurance company is not constrained by the First Amendment and nothing about plaintiff's complaint indicates that [defendant] is performing a function traditionally reserved to the [government]"); *Graham v. Connor*, 490 U.S. 386, 393 (1989) (holding that Eighth Amendment's prohibition of cruel and unusual punishment applies only after conviction and sentence); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (holding that Fourteenth Amendment offers no shield against private conduct, however discriminatory or wrongful). Because there is no right to be free from the infliction of constitutional deprivations by private individuals or entities, Plaintiff's constitutional claims lack an arguable basis in law and therefore are frivolous. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). No additional facts could cure these constitutional claims, so the Court dismisses Plaintiff's First, Eighth, and Fourteenth Amendment claims with prejudice. *Lopez*, 203 F.3d at 1127 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it

determines that the pleading could not possibly be cured by the allegation of other facts.").

In addition to these constitutional claims, Plaintiff also appears to assert tort claims against Defendant. For instance, Plaintiff alleges "Defendant intentionally withheld money from me," "gross negligence by company," "fraud by insurance," and "interference of contract leads to breach of contract." These allegations are vague and convoluted. The Court is unable to extrapolate any plausible allegations against Defendant, and Defendant cannot reasonably be expected to answer the complaint in its current form. As such, the Court will dismiss these claims, but will grant Plaintiff an opportunity to file an amended complaint in order to cure these claims through the allegation of additional facts.

**IT IS ORDERED** that the Application for Leave to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Specifically, Plaintiff's First, Eighth, and Fourteenth Amendment claims are **dismissed with prejudice**, and to the extent Plaintiff intended to bring tort claims, those tort claims are **dismissed without prejudice**. Plaintiff may file an amended complaint by no later than **May 13, 2024,** if she believes she can correct the deficiencies identified in this order. No amended complaint may be served, however, until it has been screened by the Court. The Clerk of the Court is directed to terminate this case without further order of the Court if Plaintiff does not file an amended complaint within the timeframe specified herein.

Dated this 17th day of April, 2024.

Douglas L. Rayes
United States District Judge